CAROLINE A. HOUNSLEA, APPELLANT, *v.* NANCY MARIA HAND AND OTHERS, RESPONDENTS.

*Devise—when the devisee takes an estate in fee.*

A testator, by his will, which was dated and admitted to probate in 1799, gave and bequeathed certain real estate to his daughter Ahuldah, stating that "the intent and meaning of this my will is that my daughter Ahuldah Tooker, and her heir or heirs born of her body, shall have and enjoy the

estate I have heretofore given her freely and clearly forever; but in case she should die without a child, then it shall return to my daughter Nancy or to her heirs." Ahuldah died in 1865, leaving children and her sister Nancy her surviving.

*Held,* that Ahuldah took an estate in fee, and that a deed of the land executed by her in her lifetime passed a good title thereto.

APPEAL from an order denying a motion for a new trial and for a resettlement of the findings in this action.

The action, which was brought for the partition of certain real estate, was tried before the court without a jury.

Nathaniel Tooker, the common ancestor of all the parties to the action, died in 1799, seized and possessed of the lands described in the complaint, and leaving a will, dated March 22, 1799, which was duly admitted to probate April 12, 1799, by which he devised to his daughter, Ahuldah, the said lands. The provisions of the will respecting this devise are as follows:

\*        \*        \*        ·        \*        \*        \*

" *Item,* I give and bequeath to my eldest daughter Ahuldah Tooker (certain pieces of real estate), to have them on the condition hereafter named."        \*        \*        \*        \*

" And further the intent and meaning of this my will is that my daughter Ahuldah Tooker, and her heir or heirs born of her body, shall have and enjoy the estate I have heretofore given her, freely and clearly forever ; but in case she should die without a child then it shall return to my daughter Nancy or to her heirs."

Ahuldah Tooker intermarried with one Payne and died in 1865, leaving lawful issue her surviving, to wit: the plaintiff, the defendant Hand, and a son, Benjamin C. Payne. Benjamin C. Payne died intestate in 1878, leaving the respondents, Agnes C. Angell, Charlotte Payne, Anna Nancy Payne, Amelia Payne and Estella Payne, his only children and heirs-at-law him surviving. Ahuldah Tooker Payne went into possession of the lands described in the complaint after her father's death, and in 1858 sold and conveyed the same by a sufficient deed to her said son, Benjamin C. Payne, who went into possession and continued in possession till his death in 1878, and his children succeeded him in possession. After his death the appellant, his sister, commenced

this action, claiming to be seized of the said premises as a tenant in common with the defendants.

*Joshua M. Van Cott, Alden J. Spooner* and *Samuel S. Smith*, for the appellant.

*A. A. Spear*, for the respondent.

BARNARD, P. J. :

The testator's daughter, Ahuldah Tooker, under the Revised Statutes was possessed of an estate in fee simple absolute. The absolute gift of the land is declared subject to the condition that "she and her heir or heirs born of her body shall have and enjoy the estate I have heretofore given her freely and clearly forever." In case she should die without a child then the subject of the devise was to return to the testator's daughter Nancy or her heirs. As the testator's daughter Ahuldah left children living at her death the children of Nancy have no claim. The devise is to be considered as having been made to Ahuldah "and her heir or heirs born of her body." She took a fee. (*Lott* v. *Wykoff*, 2 N. Y., 355.) The deed under which the son of the devisee holds the property passed a good title, and the plaintiff has no interest in the same.

Order denying a new trial and refusing to resettle the findings affirmed, with costs.

GILBERT, J., concurred ; PRATT, J., not sitting.

Order denying a new trial and order refusing to resettle findings affirmed, with costs.